IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

REUBEN BENJAMIN COLEMAN   :

   v.   :   Civil Action No. DKC 15-3754
        Criminal No. DKC 14-0549

UNITED STATES OF AMERICA   :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is a motion to vacate sentence pursuant to 28 U.S.C. §2255 filed by Petitioner Reuben Coleman. (ECF No. 35). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to vacate sentence will be denied.

**I. Background**

On October 31, 2015, Petitioner pled guilty pursuant to a plea agreement in which he waived indictment and pled guilty to the charges of possession of a firearm in a school zone ("Count 1") and of possession with intent to distribute a controlled substance ("Count 2"). Petitioner was sentenced to 130 months on Count 2 and a concurrent term of 60 months on Count 1. On December 7, 2015, Petitioner filed the pending motion to vacate sentence pursuant to 28 U.S.C. § 2255. (ECF No. 35). The

government was directed to respond and did so on February 26, 2016. (ECF No. 41).

**II. Standard of Review**

To be eligible for relief under § 2255, a petitioner must show, by a preponderance of the evidence, that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). A *pro se* movant, such as Petitioner, is entitled to have his arguments reviewed with appropriate consideration. *See Gordon v. Leeke*, 574 F.2d 1147, 1151–53 (4th Cir. 1978). But if the § 2255 motion, along with the files and records of the case, conclusively shows that he is not entitled to relief, a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. § 2255(b).

**III. Analysis**

Petitioner challenges his sentence on the grounds that: his sentence was illegally enhanced via a "defect[ive] indictment" because he should have been charged for simple possession under 21 U.S.C. § 844(a) instead of possession with intent to distribute under 21 U.S.C. § 841(a); his due process rights were violated when the government illegally changed the amount of drugs recovered from 3.5 grams to 8.28 grams; and his counsel

was ineffective for failing to challenge an illegal search of the vehicle where crack cocaine was recovered, the government's illegal change in amount of drugs recovered, and the defective indictment.[1]

To establish ineffective assistance of counsel, the petitioner must show both that his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). There is a strong presumption that counsel's conduct falls within a wide range of reasonably professional conduct, and courts must be highly deferential in scrutinizing counsel's performance. *Id.* at 688–89; *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991). A determination need not be made concerning the attorney's performance if it is clear that no prejudice could have resulted from some performance deficiency. *Strickland*, 466 U.S. at 697. In the context of a § 2255 petition challenging a conviction following a guilty plea, a defendant establishes prejudice by demonstrating "a reasonable

---

[1] Petitioner alleges that "the government deliberately falsified information to the grand jury to obtain the superseding information[.]" (ECF No. 35-1, at 5). Petitioner waived prosecution by grand jury indictment, and thus, was charged by superseding information. (ECF No. 23). The waiver of indictment and plea agreement, both signed by Petitioner, inform Petitioner of his charge for possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a). (ECF Nos. 23; 24). Petitioner cannot now challenge his charge under § 841(a) as defective.

3

probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

A petitioner who pleads guilty has an especially high burden in establishing an ineffective assistance claim. As the Supreme Court of the United States explained, "[t]he plea process brings to the criminal justice system a stability and a certainty that must not be undermined by the prospect of collateral challenges in cases . . . where witnesses and evidence were not presented in the first place." *Premo v. Moore*, 562 U.S. 115, 132 (2011). Thus, a petitioner alleging ineffective assistance in the context of a guilty plea must meet a "substantial burden . . . to avoid the plea[.]" *Id.*

Petitioner argues that his counsel was ineffective when she failed to conduct an investigation into the illegal search of the vehicle and did not challenge the defective superseding information which resulted in an increase in his offense level from level 8 to 32. (ECF No. 35-1, at 9). Not only has Petitioner failed to establish prejudice because he does not allege that his decision to plead guilty was the result of ineffective assistance of counsel, he also has not shown that counsel's performance fell below an objective standard of reasonableness. Petitioner is incorrect in his assertion that there was an illegal search of the Mercedes Benz in which crack

4

cocaine was recovered because the vehicle was not listed on the search warrant. (*Id.* at 4). The search warrant issued for Petitioner's residence expressly authorized investigators "[t]o search any and all vehicles parked on or about the property." (ECF No. 41-2, at 2). As stated in the report of investigations and statement of facts attached to the plea agreement, the black Mercedes Benz was parked directly in front of the residence in the parking stall belonging to the residence, and thus was subject to the warrant. (ECF Nos. 24-1; 41-3, at 2-3). Additionally, when an agent asked Petitioner whether there were any narcotics in the residence or the vehicle, Petitioner informed agents that there was a small bag of crack cocaine located in the sunroof area of the vehicle. (ECF Nos. 24-1; 41-3, at 2). Thus, even if the warrant did not expressly authorize a search of the vehicle, there was probable cause that the vehicle contained contraband, and agents were permitted to search the vehicle without a warrant pursuant to the automobile exception to the warrant requirement. *See Maryland v. Dyson*, 527 U.S. 465, 467 (1999) (per curiam). Moreover, counsel did file motions to suppress both statements and tangible evidence early in the case (ECF Nos. 11; 12), indicating that investigation was ongoing. Therefore, counsel was not ineffective for failing to investigate a legal search of the vehicle.

Petitioner also alleges that counsel failed to challenge the government's "illegal enhancement of the drug weight" from 3.5 grams to 8.28 grams, which resulted in an increase in his offense level from 8 to 32. (ECF No. 35-1, at 11). Petitioner is incorrect. Petitioner's adjusted offense level for Count 2 was 32 because he had at least two prior felony convictions for controlled substance offenses, and thus qualified as a career offender. (ECF No. 24, at 4). Moreover, the parties stipulated in the plea agreement that the amount of crack cocaine recovered was 8.28 grams, which is the amount identified in the Prince George's County Police Department Laboratory Analysis Report. (ECF No. 41-10, at 1). Petitioner voluntarily and knowingly agreed to the stipulation of facts when he signed the plea agreement. At no time did Petitioner object to, or express concern about, the validity of the fact stipulation, and he cannot do so now. *See Burket v. Angelone*, 208 F.3d 172, 191 (4th Cir. 2000); *United States v. Lambey*, 974 F.2d 1389, 1395 (4th Cir. 1992). Petitioner's counsel did not render ineffective assistance by failing to make meritless objections to the stipulation of facts in the plea agreement. Petitioner's guilty plea was voluntary, intelligent, and advised by competent counsel.

Petitioner's claims that the superseding information was defective and the government illegally changed the amount of

6

drugs recovered are barred. It is well established that a voluntary and intelligent guilty plea made by an accused person, who has been advised by competent counsel, may not be collaterally attacked. *Mabry v. Johnson*, 467 U.S. 504, 508 (1984).

Thus, Petitioner's motion to vacate sentence will be denied.

## IV. Conclusion

For the foregoing reasons, the motion to vacate sentence filed by Petitioner Reuben Coleman will be denied.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. §§ 2254 or 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's order. *United States v. Hadden,* 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason

would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (internal marks omitted). Where the court denies the petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003).

Upon its review of the record, the court finds that Petitioner does not satisfy the above standard. Accordingly, it declines to issue a certificate of appealability. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
